ROBILLARD *vs.* POYDRAS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
OF THE SECOND PRESIDING.

The legal mortgage of the wife for the restitution of her paraphernal
effects, attaches to the property and rights of the husband, from the date
of the receipt of such effects by him, and not from the day on which she
obtained judgment of separation.

This suit commenced by an injunction obtained by the
wife of Phillippe Robillard, to stop a sum of money in the
hands of the sheriff of Pointe Coupée, in order that she
might exercise her right of mortgage thereon, and be paid in
preference to the defendant, who was the seizing creditor.

The plaintiff offers proof to show that her husband received
one thousand one hundred and eighty-three dollars from her
mother's estate, in March, 1813, being on account of her
inheritance, and which is recognized in a judgment of
separation of property, which she obtained against her said
husband in 1816.

Phillippe Robillard, the husband, inherited by the death
of his mother, in July, 1833, the one fifth part of her succes-
sion, amounting by inventory to seventeen thousand four
hundred and one dollars. B. Poydras de la Lallande, who
had obtained a judgment against Robillard as far back as
the 6th December, 1816, siezed the share of his inheritance
coming from his deceased mother, which was sold, and the
proceeds retained in the sheriff's hands, subject to the
respective mortgaged and privileged claims on it.

At this stage of the cause, the heirs of B. Olinde, to whom
the mother of Robillard had been married after the death of
her first husband, intervened and claimed to be paid in
preference to the wife, the amount of a judgment for one
thousand four hundred and forty dollars, obtained by B.
Olinde against Robillard, the 21st November, 1815. This
judgment was based on a general and special mortgage
given by Robillard, dated the 25th May, 1813.

The judgment of the District Court upon these several claims, allowed the plaintiff's claim to be paid by preference over all the others, and that the balance in the sheriff's hands should be divided rateably among the other creditors without any regard to privileges or mortgages. The heirs of Olinde appealed.

*L. Janin,* for the appellants.

*Mitchell, contra.*

*Bullard, J.,* delivered the opinion of the court.

This controversy relates to the distribution, according to the respective rights of the parties, of the proceeds of Phillippe Robillard's share, in his mother's succession, which had been sold by the sheriff, under a writ of *fieri facias,* sued out by Benj. Poydras de la Lallande.

The two parties before the court, are, the wife of Robillard, who obtained a judgment against him in 1816, for the amount of her paraphernal property received by him, and the heirs of B. Olinde, who claim under a general conventional mortgage, dated May 25, 1813, followed by a judgment two years afterwards. The first claim under a legal mortgage which took effect from the time the husband received certain sums of money coming to her from the succession of Madam Escoffier, her mother, and the second in virtue of a mortgage on present and future property, followed by a judgment, both of dates anterior to the judgment of the wife. Poydras, whose claim was postponed to the wife's, has not appealed.

On the death of Madam Olinde, the mother of Robillard, these mortgages attached upon his undivided share of the lands and slaves belonging to the succession ; and the difficulty of this case consists in ascertaining from what date they are to take their effect, relatively to each other. If Robillard had received for his wife, one thousand one hundred and eighty-three dollars, before the 25th May, 1813, we think . she has a right to be first paid the balance of her judgment against her husband. The allegation of fraud and collusion is not, in our opinion, sustained by the evidence.

The legal mortgage of the wife, for the restitution of her paraphernal effects, attaches to the property and rights of the husband, from the date of the receipt of such effects by him, and not from the day on which she obtained judgment of separation.

Mr. Hiriart, who had been the counsel of Madam Robillard in the suit against her husband, which was instituted in 1814, states very positively that the husband had received that amount from the estate of Madam Escoffier, in 1813. That he had a personal knowledge of several sums recovered by Robillard from the purchasers at the auction sales of Madam Escoffier's succession.

In support of this evidence, which is a little vague as to the date, we have the fact, that the property was sold in March, 1811, and the price payable one half in March, 1812, and the balance in March, 1813. It further appears that Robillard was engaged jointly with Gremillion in making collections from the purchasers.

To this it is objected, that by a settlement made by Gremillion in 1819, it appears that only eight hundred and seventy-one dollars were coming to each heir, instead of one thousand one hundred and eighty-three dollars. But on examining that account we find that the whole amount of the estate was upwards of eight thousand dollars, to be divided among five heirs, and that two thousand one hundred and thirty-three dollars had been accounted for previously ; and it is the balance remaining to be liquidated, which gives to each the sum of eight hundred and seventy-one dollars. There is, therefore, no inconsistency in the two statements.

The whole case turns on this question of fact, in relation to matters of ancient date, and the record does not furnish sufficient grounds to authorize us to interfere with the decision below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.